# CV 16 2108

FILED
CLERK

2016 APR 28 PM 2:52

U.S. DISTRICT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

TERREL BANKS,

                                 Plaintiff,

                    -against-

THE CITY OF NEW YORK, DETECTIVE
ROBERT GOBERSON and "JOHN DOES", said
names being fictitious and unknown to Plaintiff,

                               Defendants.

-------------------------------------------------------------

**COMPLAINT**

JURY TRIAL
DEMANDED

**IRIZARRY, J.**

**SCANLON, M.J.**

        Plaintiff, TERREL BANKS, by and through his counsel, Seth E. Coen, P.C., as and for his Complaint, respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

        1.    This is a civil action brought by TERREL BANKS ("plaintiff" or "Banks") against THE CITY OF NEW YORK ("City"), Detective ROBERT GOBERSON ("Goberson") and "JOHN DOES" ("Does") alleging claims of violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C §1983, et seq., and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and of rights secured under the laws of the Constitution of the State of New York. The plaintiff seeks compensatory damages, an award of costs, interest and attorney's fees and such other and further relief as this Court deems equitable and just.

## JURISDICTION

        2.    Jurisdiction is invoked pursuant to 28 U.S.C.A. §§1331, 1343(a)(3) and (4), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

        3.    Jurisdiction is also invoked pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

4. The plaintiff requests that this Court exercise supplemental jurisdiction over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein (28 U.S.C. §1367).

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each of the causes of action pleaded in this Complaint.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b).

## NOTICE OF CLAIM

7. Plaintiff filed a Notice of Claim with the Comptroller of the State of New York within ninety (90) days of the conclusion of the criminal matter against plaintiff giving rise to this lawsuit. More than thirty (30) days have elapsed since the filing of the Notice of Claim and defendants have refused and neglected to pay or adjust said claim.

## THE PARTIES

8. Plaintiff is a citizen and resident of the United States and was at all times relevant a resident of the City of New York, County of Queens, State of New York. Defendant City is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

9. Defendant Goberson, at all times mentioned, was an officer, employee and agent of the New York City Police Department, a municipal agency of the City of New York. Defendant Goberson is and was at all times relevant acting under color of state law and in the course and scope of his duties and functions as an officer, agent, servant and employee of defendant City, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York City Police Department and was otherwise

performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

10. Defendants "Does", at all times mentioned, were officers, employees and agents of the New York City Police Department, a municipal agency of the City of New York. Defendants "Does" are and were at all times relevant acting under color of state law and in the course and scope of their duties and functions as officers, agents, servants and employees of defendant City, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Police Department and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties and are the persons who trained, supervised and assisted defendant Goberson in the acts hereinafter alleged.

## STATEMENT OF RELEVANT FACTS

11. On October 9, 2008, plaintiff was arrested in the County of Queens, State of New York, and charged with the murder of Timothy Smith, which murder allegedly occurred on October 1, 2008.

12. Plaintiff was then indicted for the murder of Timothy Smith.

13. Commencing on October 9, 2008 and through January 23, 2015, plaintiff was imprisoned at the Riker's Island facility in Queens, New York.

14. Prior to his arrest on October 9, 2008, defendant Goberson secured a line-up identification of the plaintiff as the perpetrator in the Timothy Smith murder and obtained a statement from Whitney Wallace.

15. In or about January 2010, the case of *The People of the State of New York v. Terrel Banks*, Indictment No. 2393/08 was ordered to trial by Justice Lasak in the Supreme Court of the State of New York, County of Queens.

16. After a jury was empaneled, a mistrial was declared because, upon information and belief, the prosecution's key witness, Whitney Wallace, had recanted and claimed coercion, duress and intimidation were used by defendant Goberson and/or defendants "Does" in the

obtaining of the identification of the plaintiff as the perpetrator and in obtaining her statement to that effect.

17. Plaintiff was thereafter remanded to Riker's Island where he remained until the said criminal case was called to trial a second time in February 2011.

18. Between the first and second trials, a hearing was held before Judge Lasak wherein Whitney Wallace testified concerning her recantation and testified to the aforesaid coercion, duress and intimidation used by defendant Goberson and/or defendants "Does" resulting in her falsely identifying the plaintiff in the line-up and securing her false statement that plaintiff murdered Timothy Smith.

19. In February 2011, Justice Lasak called the case to trial again and a jury was empaneled. The prosecution again moved for a mistrial, upon information and belief, because of the insufficiency of evidence.

20. Plaintiff was again remanded to Riker's Island.

21. In March 2014, the case again was called for trial before Judge Lasak, a full trial ensued resulting in a hung jury, 10 to 2 in favor of acquittal. Plaintiff was again remanded to Riker's Island.

22. On January 23, 2015, the parties again appeared before Judge Lasak and, on that date, plaintiff was released on his own recognizance after approximately 2,297 days of continuous incarceration.

23. On or about April 29, 2015, at another appearance at Supreme Court, Queens County before Judge Lasak, all charges against the plaintiff in connection with the Timothy Smith homicide were dismissed.

AS AND FOR A FIRST CAUSE OF ACTION
FOR DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C.
§1983 BY DEFENDANT THE CITY OF NEW YORK

24. The plaintiff incorporates by reference the allegations set forth in all of the preceding paragraphs as if fully set forth herein.

25. Upon information and belief, at all the times pertinent herein, defendant City had in effect actual and/or de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the individual defendant Goberson and defendants "Does".

26. Defendant City failed to properly train, supervise or discipline its police personnel, including defendant Goberson and defendants "Does", concerning correct and lawful practices in investigating, arresting, detaining and charging persons, particularly the plaintiff herein, thus permitting defendant Goberson and defendants "Does" to be in a position to violate plaintiff's constitutional rights.

27. Defendant City, being aware that such lack of training, supervision and discipline leads to improper conduct by its employee police personnel, acted with indifference in failing to establish a program of effective training, supervision and discipline. Defendant City is aware of the persistent substantial risk of improper detention of persons based upon insufficient or incorrect information and effective training, supervision and discipline would have lessened the likelihood of such occurrences. Upon information and belief, there are like circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by the defendant City. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged and otherwise a direct and proximate cause of the harm to plaintiff in violation of plaintiff's rights as guaranteed by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

AS AND FOR A SECOND CAUSE OF ACTION
FOR DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C.
§1983 BY DEFENDANT DETECTIVE ROBERT
GOBERSON AND DEFENDANTS "JOHN DOES"

28. The plaintiff incorporates by reference the allegations set forth in all of the preceding paragraphs as if fully set forth herein.

29. By defendant Goberson's and defendants "Does'" conduct and actions in coercing and threatening a witness, in imprisoning plaintiff and in failing to intercede on behalf of

plaintiff to protect him from unjustified and unconstitutional treatment and in maliciously prosecuting plaintiff, defendant Goberson and defendants "Does", acting under color of state law and without lawful justification, intentionally, maliciously and/or with deliberate indifference to or a reckless disregard for the natural and probable consequences of their act caused injury and damage to the plaintiff in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 of the United States Constitution including its Fourth and Fourteenth Amendments.

30. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious physical injury, psychological injury and emotional distress, great humiliation, deprivation of education, impairment of his ability to earn a living and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION FOR FALSE ARREST AND FALSE IMPRISONMENT

31. The plaintiff incorporates by reference the allegations set forth in all of the preceding paragraphs as if fully set forth herein.

32. By the actions described above, defendant Goberson and defendants "Does" caused plaintiff to be falsely arrested without probable cause, knowing that the case against the plaintiff was built on their own coercion and threatening acts and without any right or authority to do so. The acts and conduct of defendant Goberson and defendants "Does" were the direct and proximate cause of injury and damages to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and constitution of the State of New York.

33. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious physical injury, psychological injury and emotional distress, great humiliation, deprivation of education, impairment of his ability to earn a living and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION

34. The plaintiff incorporates by reference the allegations set forth in all of the preceding paragraphs as if fully set forth herein.

35. By the actions described above, defendant Goberson and defendants "Does" maliciously prosecuted plaintiff without the right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the constitution of the State of New York.

36. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious physical injury, psychological injury and emotional distress, great humiliation, deprivation of education, impairment of his ability to earn a living and was otherwise damaged and injured.

WHEREFORE, plaintiff demands judgment against the defendants, THE CITY OF NEW YORK, Detective ROBERT GOBERSON and defendants "JOHN DOES", for:

1. Compensatory damages in an amount to be proven at trial;
2. Costs, interest and attorney's fees; and
3. Such other and further relief as this Court may deem appropriate and equitable.

Dated: Brooklyn, New York
April 28, 2016

SETH E. COEN, P.C.
Attorney for Plaintiff

By _____
Seth E. Coen, Esq. (SC-7671)
44 Court Street
Brooklyn, New York 11201
Telephone: (718) 875-8808
Facsimile: (718) 852-8365
E-mail: SethCoen@aol.com